IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ricky Brannon,<br>#179051 | ) | Civil Action No. 9:13-cv-1792-RMG |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert M. Stevenson, | ) | |
| Respondent | ) | |

This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 20). As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 47) and GRANTS Respondent's motion.

Ricky Brannon ("Petitioner") is currently a prisoner at the Tyger River Correctional Institute. Proceeding pro se and in forma pauperis, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the matter was automatically referred to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment (Dkt. No. 20) and a Return and Memorandum to the Petition (Dkt. No. 21), and the Magistrate Judge issued the present R&R, recommending that the motion be granted. Petitioner filed a motion objecting that the R&R failed to cover certain issues (termed a "59(e) motion") on August 25, 2014 objections to the R&R (Dkt. No. 55) and objections to the contents of the R&R on September 9, 2014 (Dkt. No. 57).

## I. Procedural History

Petitioner was indicted in February 2004 on two counts of burglary in the first degree and one count of larceny. At trial he was represented by J. Roger Poole, and after a jury trial he was convicted of one count of burglary first degree and grand larceny. He was sentenced to life imprisonment for burglary first degree, and five years, concurrent, on the grand larceny charge. (R&R at 2-3). He filed an appeal, represented by Lanelle C. Durant, Appellate Defender, who presented one issue on appeal, whether the trial court erred in admitting footprint testimony because it was more prejudicial than probative. On June 20, 2008, the petition was denied, and Petitioner did not seek review from the Supreme Court of South Carolina. On June 10, 2009, he filed an application for post-conviction relief ("PCR"), represented by Rodney W. Richey, who filed an amended petition raising thirty-one issues, each alleging ineffectiveness of trial counsel in violation of the Sixth Amendment. (R&R at 2-3). After an evidentiary hearing, the PCR petition was denied in its entirety. On appeal, Petitioner was represented by Wanda H. Carter, who filed a *Johnson* petition seeking to be relieved and raising the issue of whether trial counsel erred in failing to interview the person who was in the car with Petitioner at the time of his arrest in order to develop an alibi. (R&R at 5). Petitioner filed a petition for writ of certiorari with the Supreme Court of South Carolina, which denied the petition on June 4, 2013. Petitioner filed this petition for writ of habeas corpus on July 1, 2013, raising eleven grounds in total, two dealing with ineffective assistance of trial counsel, five alleging error by the trial court, and one asserting that new evidence warrants reversal of the conviction and sentence, and three alleging flaws in the PCR proceedings. Each ground contains one or more claims with a more specific allegation or allegations. (Dkt. No. 1 at 1, 3, 9, 13, 24, 27, 33, 35, and 37-39). Petitioner also

2

filed a second petition for post-conviction relief, which, as the Magistrate Judge noted, does not affect the federal habeas petition. (R&R at 6, n.5).

The R&R recommends granting summary judgment to Respondent on all grounds presented by Petitioner. The Court agrees and adopts the R&R in whole. The Court also finds no merit in the seven grounds for objection argued by Petitioner in his August 25, 2014 filing termed a 59(e) motion (Dkt. No. 55), and no merit in the numerous objections filed in response to the R&R (Dkt. No 57).

## II. Discussion

### A. Summary Judgment Standard of Review

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative

3

allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)). While the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, *see Cruz. v. Beto*, 405 U.S. 319 (1972), the court cannot ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

### B. Federal Habeas Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s standard for review of federal habeas corpus claims is a difficult one for a petitioning prisoner to meet. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be

4

unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (citation omitted).

### C. Petitioner's Requests for Rulings on Issues Beyond the R&R

The petition contains eleven grounds for habeas relief, several of which contain a number of subsections labeled as claims, which the R&R addressed in a sixty-eight page R&R. Petitioner submitted a filing he identified as a 59(e) motion (Dkt. No. 55), which names seven grounds that he asserts the R&R should have ruled on. The Court therefore addresses these issues de novo.

#### 1. Discovery

Several of Petitioner's objections deal with his repeated requests for discovery (*e.g.* Grounds III and VII in Dkt. No. 55; *see also* Dkt. No. 57 at 2-3 and 55, requesting discovery "to expand the record"). The Petitioner cannot prevail in his demands for discovery, as the Supreme Court has ruled that federal habeas proceedings are limited to the record that was before the state court that adjudicated the claim on the merits. Reversing a District Court that held an evidentiary hearing in a habeas proceeding, the Court explained that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This

5

backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

## 2. Petitioner's Other Requests for Rulings

Petitioner 's Grounds I and II listed in Dkt. No. 55 request rulings on Petitioner's "Exhibits evidence" and on his request that his habeas petition be "suspended without prejudice and therefore remanded back to state court for adjudication" to deal with unpreserved issues. (Dkt. No. 55 at 2). As to the exhibits, Petitioner attached sixty-nine pages of documents to his Response in Opposition to the Motion for Summary Judgment (Dkt. No. 30). The documents, which include copies of filings from his PCR proceedings and letters between Petitioner and his PCR attorney, do not contain information that is persuasive or relevant as to the grounds argued in the habeas petition. And a habeas claim is a federal action initiated in and proceeding in a federal court; it cannot be remanded to a state court for a rehearing of issues that have been procedurally defaulted. *See* 28 U.S.C. § 2241 et seq. Grounds IV and V argue that the Magistrate Judge failed to rule upon the Petitioner's request for summary judgment requests for Claims Four and Sixteen, which he made in his Response to Respondent's Motion for Summary Judgment. (Dkt. No. 55 at 2-3). The Court has reviewed these claims de novo, and for the same reasons that the Magistrate Judge recommended granting summary judgment to Respondent and that the Court adopts herein, specifically denies Petitioner's request for summary judgment. Ground VI argues that the Magistrate Judge failed to rule on Petitioner's request that his claims be analyzed under specific caselaw. (*Id.* at 3). Neither case named dealt with a habeas petition, and therefore, neither articulates the correct legal standard to be applied in this case, which is discussed in detail in the R&R and restated herein.

6

### D. The R&R's Findings and Respondent's Other Objections

Petitioner also filed objections to the R&R on September 9, 2014. (Dkt. No. 57).

Petitioner's other objections correspond to the grounds he proposed in his petition, and are

therefore addressed herein, where an objection raises a question not already addressed in the

Magistrate's analysis. After review of the record, the R&R, and Petitioner's objections, the

Court finds the Magistrate Judge applied sound legal principles to the facts of this case and

therefore agrees with and wholly adopts the R&R as the order of the Court.

### 1. Issues Relating to Trial Error (Grounds One, Five, Seven, Nine, and Ten)

Grounds One, Five, Seven, Nine, and Ten all allege error by the trial court. The Court

finds no merit in any of these grounds, and dismisses each one.

In Grounds One and Nine, Petitioner argues that the prosecution and the trial improperly

constructively amended the first degree burglary indictment in their closing arguments and in the

jury charge by allowing evidence that Petitioner was armed during his crime and by failing to

charge the jury as to the second required element of burglary first degree. (Dkt. No. 1 at 18

(asserting that these facts "changed the aggravating element" and 52 (alleging without support

that the trial court "improperly allowed all parties to stipulate" to past convictions as the

aggravating element of a burglary in the first degree charge)). The PCR court and the Magistrate

Judge were correct in explaining that, because the parties stipulated to two prior convictions for

burglary, the aggravating element was not at issue and was therefore was not – and could not

have been – constructively amended by either the prosecutor or the trial court. Petitioner's

objection on this matter, that he was subject "to a second prosecution for the same offense," is

simply a complaint as to the nature of anti-recidivist sentencing, with no legal basis to challenge

its application in this case. His second objection, that the jury should have been instructed as to

the aggravating circumstance, misapprehends the nature of a stipulation, which makes jury instructions on the stipulated-to facts unnecessary. (Dkt. No. 57 at 8).

In Ground Five, Petitioner argues that he was not served with notice by the State with its intent to seek life without parole, as required by S.C. Code Ann. § 17-25-45(H). As the R&R states, the PCR court heard testimony on this issue, and found that the record directly refuted Petitioner's service arguments. His attorney testified that he discussed the life without parole issue with his client, and counsel for the State testified prior to sentencing that service was properly completed. (R&R at 59).

In Grounds Seven and Ten, Petitioner contends that the trial court abused its discretion by admitting evidence from an expert witness on shoe prints and by stipulating to the second element of his burglary first degree charge (the prior burglary convictions). The R&R correctly found that the federal courts have "no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimensions." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997). In other words, the issue before this Court is whether either of these issues resulted in a trial so fundamentally unfair as to deny the Petitioner due process of law. (R&R at 63). As the R&R notes, Petitioner has failed to provide any evidence or testimony to support these claims or to demonstrate any prejudice resulting from the alleged errors, and the PCR court found that both issues were raised and ruled upon by the trial court. (*Id.*). This Court can see no evidence that the trial court's and the PCR court's decisions were contrary to clearly established federal law or based on an unreasonable determination of the facts.

## 2. Ineffective Assistance of Trial Counsel (Grounds Two and Four)

In Grounds Two and Four, Petitioner alleges that his trial counsel was ineffective and he was therefore deprived of his Sixth Amendment rights. As the R&R explains, *Strickland v.*

8

*Washington*, 466 U.S. 668 (1984) requires that a petitioner show on a state appeal that 1) his counsel was deficient in his representation and that 2) he was prejudiced as a result. When a federal habeas court reviews a state court's decision denying an ineffective assistance of counsel claim, the standard is even higher, and "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, (2011). Here, Petitioner has not met the strict requirements for a finding of ineffective counsel by this Court.

Ground Two includes three claims. First, Petitioner argues that his trial counsel failed to represent him in a separate traffic proceeding for the stop that resulted in his burglary arrest. He alleges that the traffic stop was pretextual, and that his trial counsel therefore should have represented him in traffic court. (Dkt. No. 1 at 20-21). Petitioner cites to no authority, and the Court is aware of none, that would require counsel in one case to represent a client in another case. To the extent Petitioner's argument is construed to allege that his trial counsel did not adequately press a Fourth Amendment argument for suppression of evidence resulting from the traffic stop, he has failed to provide clear and convincing evidence that the traffic stop was in fact pretextual or that his attorney was in any way deficient in his treatment of the matter. Petitioner objects to the R&R's findings on this matter and argues that there was a "nexus" between the traffic stop and the burglary charge. (Dkt. No. 57 at 10). Such a connection between the two cases, assuming it exists, does not obligate an attorney on one matter to take up a client's other legal matters. Second, Petitioner argues that his counsel failed to inform him about certain plea negotiations. (Dkt. No. 1 at 22). And third, Petitioner argues that his trial counsel had a conflict of interest because he was employed by the county government, and Petitioner was allegedly involved in an arson case relating to a fire in the county courthouse.

9

(Dkt. no. 24-25). Relatedly, he alleges that his counsel failed to call a potentially useful witness to the traffic stop, "Tasha." On these matters, as the Magistrate Judge explained, substantial deference is due to the state court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311-312 (4th Cir. 2000), *cert. denied*, 532 U.S. 925 (2001) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence.") The PCR court reviewed all of these claims, and found that counsel made the appropriate motions regarding the traffic stop, communicated with Petitioner and attempted to negotiate with the State on Petitioner's behalf, and appropriately investigated the case. It also ruled that prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post-conviction relief. (R&R at 16-17). Petitioner has provided no evidence demonstrating error on the part of the PCR court, and certainly has not met the required standard of proving, by clear and convincing evidence, that the court erred in its factual findings.

Petitioner objects to the R&R's finding as to the alleged plea offer and directs the Court's attention to Exhibit A of his Response to the Motion to Dismiss (Dkt. No. 30-1 at 32-46). This document is a transcript from a pretrial hearing in which the Solicitor refers to having offered "negotiations" (not an actual plea agreement). As the R&R noted, Petitioner has shown no evidence that an offer was ever made, or that such an offer was not conveyed to him by his counsel.

Finally, although Petitioner has not demonstrated prejudice resulting from any alleged conflict of interest, substitute counsel was also provided at trial to prevent any such conflict. (*Id.* at 17). In Gound Four, Petitioner presents seventeen claims as to alleged ineffectiveness of substitute counsel. These claims are also without merit. The R&R provides a full analysis of the claims, thirteen of which are procedurally barred because they were not raised in Petitioner's

10

PCR proceedings.[1]  Therefore, the Court provides only a brief overview of the seventeen claims

and Petitioner's objections to the R&R's recommendations here.  Again, *Strickland v.*

*Washington*, requires that a petitioner show on a state appeal that 1) his counsel was deficient in

his representation and that 2) he was prejudiced as a result.  When a federal habeas court reviews

a state court's decision denying an ineffective assistance of counsel claim, the standard is even

higher, and "[t]he question is not whether counsel's actions were reasonable.  The question is

whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential

standard."  *Harrington*, 562 U.S. 86 (2011).  Furthermore, there is a strong presumption that

counsel's conduct during trial was within the wide range of reasonable professional assistance,

and this court should not scrutinize counsel's performance by looking at the decisions made in an

after the fact manner.  (R&R at 39, citing *Strickland*, 466 U.S. at 689).  Ineffective assistance of

counsel review is designed to prevent clearly and prejudicially defective representation, not to

simply second guess counsel's reasonable strategy at trial.  Here, Petitioner has not established

that he received ineffective assistance of counsel.

Claims One, Two, Three, and Five as well as the objections contained at Dkt. No. 57, 17-

21 and 22, are all repetitions of Petitioner's arguments about the validity of the traffic stop that

led to his arrest.  The PCR court held that counsel's decision not to conduct an independent

investigation did not constitute ineffective assistance of counsel when Petitioner's claim was

---

[1] Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally
defaulted under independent and adequate state procedural rules. *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.
2008); *Longworth*, 377 F.3d 437; *see also Coleman v. Thompson*, 501 U.S. 722 (1991). As Petitioner argues, SEE
Dkt. No. 57 at 4, ineffective assistance of PCR counsel may sometimes, under *Coleman v. Thompson*, 501 U.S. 722,
735 (1991), *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), be an excuse
for default. However, this is only true if PCR counsel is itself egregious to form an independently valid
ineffectiveness claim – i.e. that counsel's representation was objectively unreasonable during his post-conviction
proceeding, and that but for his errors, there is a reasonable probability that Petitioner would have received relief.
The Court agrees with the Magistrate Judge (see R&R at 66 and 27-30) that Petitioner has not presented the
necessary evidence that would show any error by his PCR counsel, and certainly not such error that could rise to the
level of ineffectiveness. Therefore, claims 3-4 and 6-16, which were not raised in PCR proceedings, are procedurally
barred from habeas review in this court.

11

only supported by speculation, and he did not offer any testimony or evidence as to what his attorney would have discovered or argued with additional preparation. (R&R at 31). At trial, Deputy Richard Turner testified that he observed Petitioner, in a car matching a description given to the police in connection with a burglary committed that day, run a stop sign and then pulled over the car. Turner was cross examined at trial and there is no indication that his story was invalid or that the traffic stop was pretextual. R&R at 31-33. In Claim Six, Petitioner specifically argues that he was denied his right to confront the evidence against him because the State did not produce traffic tickets at his burglary trial. As Respondent argues, and the Magistrate Judge found, the traffic tickets were irrelevant to the burglary trial, and their presence or absence does not affect habeas review of Petitioner's conviction. (R&R at 37).

In Claim Four, Petitioner argues that substitute counsel was ineffective for failing to inform Petitioner of his right to testify at the *Jackson v. Denno* hearing, a procedure meant to establish whether a confession or statement was voluntary or not. *See Jackson v. Denno*, 378 U.S. 368 (1964). At that hearing, the trial court found that the state had shown by a preponderance of the evidence, that Petitioner's statements were voluntary. (R&R at 36). Although there is no information as to whether counsel specifically informed Petitioner that he could have testified at that hearing, Petitioner does not explain what he would have testified to in the hearing, or how it would have assisted his case. (Dkt. No. 1 at 32). Since it was not raised in his PCR proceedings, this issue is also procedurally defaulted. Petitioner's objections on this claim, Dkt. No. 47 at 21-22, merely repeat his initial arguments.

In Claims Seven and Eight, Petitioner alleges that counsel was ineffective for not objecting to gun evidence and footprint testimony. However, Petitioner presents no evidence that an objection on either ground would have been valid or successful, or that he was prejudiced

by the result. These claims are also procedurally defaulted as they were not raised in PCR proceedings. (R&R at 38-40).

In Claim Nine, Petitioner argues that counsel failed to request additional DNA testing. At the PCR hearing, counsel testified that because DNA testing had been inconclusive, he knew that DNA evidence would not be introduced at trial. He made a tactical choice not to pursue testing that could have resulted in information disadvantageous to his client. Again, speculation regarding strategic choices by counsel cannot justify second-guessing via habeas review. This claim is also procedurally defaulted as it was not raised in PCR proceedings, and Petitioner has not shown cause for the default.

Claim Ten alleges that counsel should have requested a jury charge of receiving stolen goods. As the Magistrate Judge found, Petitioner has made no showing that the charge would have been appropriate, R&R at 42, or that the lack of a second jury charge was actually prejudicial. This claim was also procedurally defaulted, and Petitioner has not shown cause for the default.

Claims Eleven, Twelve, Thirteen and Sixteen all allege errors in counsel's handling of court testimony and argument, and complain that he should have objected to an in-court identification of the defendant by the person whose home was robbed, to an officer's reference to the defendant's invocation of his right to remain silent, and to the prosecutor's characterization of the crime of burglary as "infamous" and defendant as having "blown through" a stop sign. Petitioner offered no explanation as to how he was prejudiced by the lack of these objections. (Dkt. No. 1 at 36; R&R at 43-44). *See Koch v. Puckett*, 907 F.2d 524, 528 (5th Cir. 1990) (even if testimony was impermissible, an isolated error does not invalidate proceedings where it is harmless error). Claim Fourteen alleges that counsel should have taken an additional ten days to

13

research before making his sentencing arguments, and that because his prior convictions consisted of guilty pleas made in one proceeding to four counts, that they should have been calculated as a single prior conviction rather than as four separate ones, that counsel should have argued that the prior convictions were uncounseled, and that he was not given sufficient notice of the state's intention to seek life without parole. (Dkt. No. 1 at 37). But according to the record, Petitioner's earlier charges resulted from crimes on four different days, and the trial judge therefore found them to be four separate convictions. Claim Sixteen alleges that counsel was ineffective in failing to object to a detective who, Petitioner asserts, was hostile toward him because of the separate arson charges. He has presented no authority to support his position on these matters, and the Court is unable to find any merit in them. These claims are also procedurally defaulted, and Petitioner has not shown cause for the default.

In Claim Fifteen, Petitioner asserts another matter of strategy: that his attorney should not have stipulated to an element of first degree burglary without consulting him. However, as the R&R explains, Petitioner has failed to show any prejudice that resulted from the stipulations; there is no reason to believe his prior convictions would not have been admissible, and the jury would therefore have been potentially prejudiced by hearing evidence on the prior convictions. And if the prior conviction evidence were entered, there is certainly no support for the idea that the prosecutor would not have been able to prove the prior convictions. Petitioner has not met his burden of showing deficiency by his counsel, or prejudice arising therefrom. The claim is also defaulted, as it was not raised in PCR proceedings.

In Claim Seventeen, Petitioner asserts a conflict of interest because he "was appointed out of the same City and County" as the Seventh Circuit Solicitor's office, which apparently commenced the prosecution in this case but was conflicted out, along with Petitioner's original

counsel, because of his arson charges. Petitioner has cited to no authority, and the Court is aware of none, that could support a finding of a conflict of interest based solely on the fact that a lawyer is located in the same judicial district as another office that does have a conflict of interest. Furthermore, the PCR hearing covered this issue in depth, and the PCR court evaluated the credibility of both the attorney and Petitioner and found no conflict. (R&R at 55-56). Petitioner has not shown that the state court's finding was unreasonable; he has not overcome the presumption accorded to the PCR court's findings; and he has shown no prejudice even if there had been a conflict of interest.

### 3. Ineffective Assistance of Appellate Counsel (Ground Three)

Ground Three alleges that Petitioner's appellate counsel, Lanelle C. Durent, was ineffective in her representation on direct appeal because she failed to raise any appealable issues and because she was not prompt in informing Petitioner that his conviction had been affirmed on direct appeal. The PCR court ruled that he failed to present any evidence to support his claims or show prejudice. The Court agrees with the R&R's conclusion that no basis for reversal of the state court has been shown. Petitioner's objections repeat his complaint that the State did not subpoena his attorney; this argument is unavailing as the burden of proving ineffectiveness of counsel was on Petitioner. *Speaks v. State*, 660 S.E. 2d 512, 514 (S.C. 2008). Petitioner is correct that a summary judgment motion must be denied if there is a genuine question at stake. However, the nonmoving party may not show a genuine question by "[c]onclusory or speculative allegations" or "'mere scintilla of evidence.'" *Potomac Elec. Power Co.*, 312 F.3d at 649. Here, Petitioner has offered nothing beyond conclusory and speculative allegations.

15

### 4.  Grounds Related to PCR proceedings (Grounds Eight, Eleven, and Six)

Grounds Eight and Eleven of the Petition assert that the PCR court abused its discretion and that he received ineffective assistance of appellate PCR counsel. But, as the R&R found, because these allegations do not challenge Petitioner's underlying conviction, they are not a valid basis for federal habeas relief. (R&R 65-67). Ineffective assistance of PCR counsel can, under certain circumstances, excuse the failure to preserve issues on review, but 28 U.S.C. § 2254(I) precludes a federal court from granting a habeas petition based solely on the ineffectiveness of a post-conviction attorney. Errors in PCR proceedings, even assuming Petitioner had presented any evidence of substance to prove such an error, are also not a basis for federal habeas relief. (R&R at 66, citing *Bryant v. Maryland*, 848 F.2d 492, 494 (4th Cir. 1988).

And in Ground Six of his Petition, Petitioner contends that he has newly discovered evidence claims, one being information that Detective Fowlkes gave false testimony concerning an interview with the police, and the other being that his traffic offense was dismissed, demonstrating that evidence obtained from the stop was obtained in violation of the Fourth Amendment.

As to the traffic stop, as discussed above, the outcome of the traffic court is irrelevant to Petitioner's burglary trial. And as to the alleged false testimony, the record is devoid of any evidence of false testimony that could have prejudiced Petitioner; his only arguments concern whether he or the police initiated a certain interview, not whether the interview was voluntary, and, if not, what effect it had on his trial. (*e.g.* Dkt. No. 50-51). To prevail on a claim of newly discovered evidence, Petitioner would have had to establish that a new trial would probably reach a new result based on the new evidence, that the evidence was discovered since the trial, that it could not have been discovered with due diligence prior to the trial, is material, and is not

16

merely cumulative or impeaching. (R&R at 60). Petitioner has proved none of these grounds, and his arguments and objections consist of purely speculative allegations (*e.g.* Dkt. No. 57 at 47-52), none of which show that the traffic stop itself was unconstitutional, or that the evidence obtained therefrom prejudiced him at trial.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Defendants' Motion for Summary Judgment (Dkt. No. 20) is **GRANTED**, the Petitioner's motion (Dkt. No. 55) is **DENIED** and the habeas petition is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

//

//

//

**IT IS SO ORDERED**.

_____
Richard M. Gergel
United States District Judge

September 29, 2014
Charleston, South Carolina